WILLIE GONZALEC, by ARSENIO GONZALEC, His Guardian ad
     Litem, Plaintiff, *v.* HELENA SCHULTZ, Defendant.
YOLANDA GONZALEC, by ARSENIO GONZALEC, Her Guardian ad
     Litem, Plaintiff, *v.* HELENA SCHULTZ, Defendant.

Supreme Court, Erie County, December 20, 1927.

**Motions and orders — application to vacate orders setting aside verdict
and for new trial on ground orders as entered are incorrect — motion
denied where vacation of orders would make no material change therein.**

This application to vacate orders setting aside a verdict and for a new trial, on
     the ground that the orders as entered are incorrect, must be denied, where there
     is nothing to show that the relief as asked for would make any material change
     in the orders, and particularly where the vacation of the orders would result
     only in extending the time to appeal.

APPLICATION for an order in each of the above-entitled actions,
vacating an order made therein, setting aside the verdict and
judgment in said action, on the ground that said order as entered is
incorrect.

*Timerman & Timerman* [*Newell H. Timerman* of counsel], for
the motion.

*William J. Brock* [*Carleton J. Townsend* of counsel], opposed.

HARRIS, J.   These actions were tried before a court and jury
on April 20 and 21, 1926, and the jury returned a verdict of no
cause of action in each case.   The plaintiff in each action forth-
with moved to set the verdict aside and for a new trial in such
action.   On June 1, 1926, the court orally stated to interested
counsel that he would grant the motions for new trials.   At that
time no formal order was drawn or entered, but a notation to
the effect that such an order was granted was made on the clerk's
minutes of the trial.   The defendant in each case appealed to the
Appellate Division, Fourth Department, on June 11, 1926; the
record on appeal was settled September 1, 1926, and thereafter
filed with the clerk of the Appellate Division.   The clerk of the
Appellate Division of the Fourth Department at that time informed
the defendant that the record as filed was incomplete and insufficient
for the reason that no formal orders were included in such record.
(Civ. Prac. Act, § 549.)   Thereafter, on August 31, 1927, and
under such date of August 31, 1927, the court made a formal order
in such action, setting aside the verdict therein and granting a new
trial of such action.

On September 2, 1927, the formal orders were entered in the

Erie county clerk's office and copies thereof, with notice of entry, were served upon the defendant. No appeals were taken by the defendant from the formal orders. On November 12, 1927, notices of motion to dismiss the appeals, returnable at the Appellate Division on November 15, 1927, were served on the defendant, argument was had thereon, and on November 23, 1927, the Appellate Division dismissed the appeals.

On November 21, 1927, the defendant served on the attorney for the plaintiffs notice of the application to be made on these motions, and such motions came on for argument on the 29th day of November, 1927. Both motions were submitted on one set of papers and have been considered and are disposed of together.

Such motions were made pursuant to the provisions of rules 220 and 224 of the Rules of Civil Practice.

The moving party claims that the orders dated August 31, 1927, and entered on the 3d day of September, 1927, were incorrect in two particulars:

(1) That the date of the orders should have been June 1, 1926, the date shown by the clerk's minutes, instead of August 31, 1927, as shown by the order. I am of the opinion that the date of this order makes no material difference, as the time to appeal therefrom ran from the date of the service of the notice of entry, no matter what was the date of the order.

(2) The order setting aside the verdicts and granting new trials provided that the same was granted on the ground that said verdicts were contrary to the evidence and contrary to the law. The moving party claims that this ground is not the same as stated by me in my memorandum written on the motions to set aside the verdicts and to grant new trials. In such memorandum I did state that I felt that I erred in charging the jury on the law applicable to the responsibility of the infant plaintiffs. I also stated in such memorandum that " from the defendant's own story there could be little doubt of her negligence," and in doing this I intended, if I did not do so, to express my view that if the jury had found in favor of the defendant on the question of her negligence, then the jury had erred in such respect. In view of this, I am of the opinion that the orders as signed and entered contained the proper ground for the order.

In view of the fact that the vacation of the orders as asked for would not be for the purpose of making a material change in such orders, and would result only in extending the time to appeal, it is my duty to deny the applications for such orders. (Civ. Prac. Act, § 99.)